SARAH HATCH, administratrix, *vs.* ENOS HATCH.

In a rule of court, the clause—"The rights of parties under offer to be defaulted, to be preserved," is simply directory; and it leaves to the referees full authority, both as to law and fact, to determine what those rights are, including costs.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note, and on an account annexed.

The action was entered at the September term, 1866, when the defendant appeared, and in writing offered to be defaulted "for the amount due upon the note." At the January term, 1867, the action was referred by a rule of court. On July 6, 1867, the referees heard the parties, and at the January term, 1868, returned

to the court their report, wherein they determined that the "plaintiff shall recover of the defendant, as damages, the sum of $104.83," due upon the note alone; "and costs of the court to be taxed by the court up to" the time of filing the offer to be defaulted. "And that the defendant recover of the plaintiff subsequent costs of court to be taxed by the court, and costs of reference," &c.

To the acceptance of the report as a whole, the plaintiff objected in writing, because the referees restricted the plaintiff in his recovery of costs, and gave costs to the defendant.

The presiding judge accepted the report in part, to wit, so much thereof as pertained to the amount of damages, and rejected so much as relates to costs.

Thereupon the parties taxed their several bills of cost; the plaintiff claiming costs for the whole time to acceptance of the report, and the defendant claiming costs as determined by the referees. The clerk allowed the plaintiff's taxation of court costs, but disallowed the taxation of costs before referees; and disallowed the defendant's taxation, and, upon appeal, the presiding judge sustained the decision of the clerk; to which ruling the defendant alleged exceptions.

*S. W. Luques*, for the plaintiff.

*I. S. Kimball*, for the defendant.

DANFORTH, J. A rule of court, without limitation or restriction, gives the referees full authority, both as to law and fact, over the subject-matter referred. This includes costs as well as damages. *Bacon* v. *Crandon*, 15 Pick. 79.

The rule in this case contains no restriction in any way affecting the decision of the referees. There is no suggestion of corruption, bias, or prejudice, on the part of the referees; no evidence tending to show that the award is not their honest judgment. It is, therefore, conclusive upon the parties. *Long* v. *Rhodes*, 36 Maine, 109.

It will be noticed, that in that part of the rule referring to the rights of the parties under the offer to be defaulted, the word "re-

served " is not used; but the word " preserved," which would seem to convey the idea, not that any part of the case is to be kept back from the referees, but rather that they are to act upon this part of the case, as well as the other parts; that by their decision they are to take care of and protect the rights of the parties in this regard. The rights are " to be preserved," evidently by the tribunal which is to try the case, and not by the one from which the case is taken.

It would seem to follow that this clause is not a limitation of the authority of the referees, but simply directory. In accordance with this view is the case of *Mickles* v. *Thayer*, 14 Allen, 114, and cases cited in that opinion. Those cases are stronger than the one at bar, inasmuch as in those rules the referees were directed to decide " according to the rules of law and equity; " and in *Bigelow* v. *Newell*, 10 Pick. 348, to " always have regard to the legal rights of the parties; " while in this rule nothing is said of the legal or equitable rights, but simply the rights, leaving it to the referees to settle what those rights are.

It may be that the referees have not " preserved " the rights of the parties under the offer to be defaulted according to strict legal principles. But this, as already seen, is not required; and if it were, the error does not appear upon the face of the report as required by the cases cited. Other testimony is necessary to show it.

That testimony may be a part of the record, nevertheless it is outside of the report and not a part of it. Nor is there any question of law reserved for the court by the report.

> *Exceptions sustained.*
> *Report of referees accepted.*

APPLETON, C. J.; CUTTING, KENT, and BARROWS, JJ., concurred.